THE PEOPLE *ex rel.* Charles E. Barber, Collector,

*v.*

FRANCIS M. CHAPMAN.

*Filed at Ottawa January 25, 1889.*

1. SPECIAL ASSESSMENTS—*practice—demurrer to objections—its effect, as an admission.* The practice of demurring to objections to the application of the county collector for judgment against delinquent lands for unpaid special assessments, is not approved. The party filing objections must sustain them by proof, and they are not admitted to be true by demurrer.

2. DRAINAGE LAW—*classification of lands benefited—time and place to object.* Under the Drainage law of 1885, entitled "An act to provide drainage for agricultural and sanitary purposes," etc., the objection that the drainage commissioners failed to classify certain lands within the drainage district, and indicate thereby whether such were or were not benefited, comes too late on application for judgment for unpaid special assessments. Such an objection should be made to the commissioners, and if not allowed, the objector should appeal.

3. The act gives each land owner ample opportunity to be heard before the drainage commissioners, in relation to the classification of lands to be benefited; and such board has full power to grant relief by correcting any errors therein, and it gives such owners the right of appeal from the decision of the commissioners upon their objection, to three supervisors, who are invested with power to correct any error shown to exist in the classification. This remedy is exclusive, and if the party fails to pursue it, he will have no other redress.

4. SAME—*notice—as to time and place for hearing objections.* In the absence of proof to the contrary, it will be presumed that the owners of land in a drainage district were served with notice of the action of the drainage commissioners, as required by section 27 of the act of 1885, and of the time and place for hearing objections, and that they appeared before the commissioners at such time and place. If an owner fails to appear and object, he will be held to have waived all objection to their action.

5. SAME—*but one notice necessary.* After the drainage commissioners have once obtained jurisdiction by service of notice, no other notice is required as to any further steps taken by them in the way of subsequent assessments, but the land owner will be required to take notice thereof, the same as a party in a suit at law.

Appeal from the County Court of Iroquois county.

Mr. R. W. Hilscher, and Messrs. Harris & Hooper, for the appellant:

The act of 1885, under which this proceeding was had, does not require notice of the filing of the assessment roll. The classification under section 21 was before made, and it must be presumed that notices were then served as required, and no notice was required of the several subsequent steps.

The objection that lands benefited were omitted from the classification and tax list, is not good unless accompanied with an allegation of fraud. *Elliott* v. *Chicago,* 48 Ill. 293; *Spencer* v. *People,* 68 id. 510; *Moore* v. *People ex rel.* 106 id. 576.

It is a question for the commissioners to determine, what lands shall be classified and what benefits they receive. They having determined these questions under a statute giving them full authority to act upon these questions, and their decision being unappealed from and unreversed, must be considered as final in this proceeding. Cases last above cited, and *People ex rel.* v. *Brislin,* 80 Ill. 423.

Messrs. Kay & Euans, for the appellee:

Under section 27 of the act of 1885, the land owner may appeal from any assessment, but upon the ground, only, that such tax is a greater amount than the benefits to accrue to the land by the proposed drainage.

In making a second or third assessment, the previous assessments should be considered, and if the aggregate amount of such previous assessments equals or exceeds the benefits to accrue to the land, then such additional assessment should not be made. (*Commissioners* v. *Kelsey,* 120 Ill. 482.) The assessment complained of is the second.

We contend the land owner should have notice of the filing of each assessment list. Without such notice how is he to know when the assessment is made and filed?—and without

such knowledge the right of appeal conferred by statute is barren. That notice must be given, we refer to the following authorities: *Eddy* v. *People*, 15 Ill. 386; *Commissioners of Highways* v. *Claire*, 15 Johns. 537; *Railroad Co.* v. *Warner*, 61 Ill. 52.

It would have been too late to object in the county court if appellee had had notice of the assessment in time to take his appeal. *Lehmer* v. *People*, 80 Ill. 601.

There is a distinction between a tax and an assessment for special benefits, where the party has had notice. (*Riverside Co.* v. *Howell*, 113 Ill. 256, and cases there cited.) Such proceedings are not conclusive unless the party appeared. If notice should, under the statute, have been given, and was not, and there was no appeal taken or appearance entered, then such assessment is void. *Kidder* v. *City of Peoria*, 29 Ill. 77; *Skinner* v. *Lake View Avenue Co.* 57 id. 151.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This appeal brings before us the record of the judgment of the county court of Iroquois county, rendered on the application of the county collector of that county for judgment against delinquent lands and lots for taxes, special assessments, etc., due thereon. A drainage district was organized in that county, under the Drainage act of 1885, embracing certain lands of appellee, upon which two special assessments appear to have been made, the second of which, only, is involved in this case. The second assessment was made pursuant to a resolution of the drainage commissioners, and not having been paid by appellee, the proper return was made of the assessment roll and of the special assessment thereon remaining unpaid, and application by the county collector was made for judgment against appellee's land so delinquent. Appellee appeared in the county court, and objected to the rendering of judgment against his lands for such special assessment, upon the ground that the

drainage district included lands which the commissioners had neither classified nor assessed for benefits, and in respect of which they had in no way indicated whether such lands were or were not benefited; that the lands referred to were not included in the petition for the organization of the district, but were brought into the district by the commissioners, at the time the district was organized, for the reason that such lands would be benefited by the contemplated drainage; and upon the further ground, that the second assessment was made, and the assessment roll filed with the town clerk, without notice to appellee, and that appellee did not, in fact, learn of the assessment until some days after the time of appeal therefrom had expired; and because the lands not classified and assessed were greatly benefited by the drainage of the district, and should therefore have been assessed, and that by the failure of the commissioners in this regard, appellee's lands were assessed more than their proportionate share of the sum required to be raised. A demurrer was interposed to the objections, and, under stipulation that no question of fact should be raised on the hearing, the legal sufficiency of the objections was considered, which resulted in the overruling of the demurrer and the rendition of a judgment abating the special assessment against the lands of appellee. The People, upon the relation of the collector, appealed to this court.

The practice of demurring to objections interposed to the application of the county collector for judgment against delinquent lands, etc., for unpaid special assessments, has been condemned by this court. It was said in *Enos* v. *City of Springfield,* 113 Ill. 65: "We are aware of no statute or well settled practice which authorizes a demurrer to be filed in such a case. Where objections are filed in such a case, it is incumbent on the party filing them to sustain them by proof, unless they appear on the record. We are not inclined to sustain a practice which will admit the truth of every objection

which may be filed, however frivolous, although a demurrer may be interposed to the objection."

As respects the first objection,—namely, the omission of the drainage commissioners to classify certain lands within the drainage district, and their failure thereby to indicate whether such lands were or were not benefited,—we are of opinion the objection came too late. The twenty-first section of the act provides the manner in which the commissioners shall classify the lands within the drainage district, and that when established and properly tabulated, or shown by a map, such classification shall be filed in the office of the town clerk, for inspection, and "shall remain as a basis for such levy of taxes as may be needed for the lawful and proper purposes of the drainage district." But by the twenty-fourth section provision is made for personally serving "upon all parties owning lands to be affected by the proposed work,   *   *   *   and residing in the county, a written or printed notice of the time when and place where they" (the drainage commissioners) "will meet to hear any and all objections that may be made to the classification of lands on the graduated scale," etc. Assuming, as we must, that appellee was served with the notice, as required by this section, and the commissioners being, by the next section of the act, authorized and required, at the time and place mentioned in such notice, to "hear whatever objections may be urged by any person interested," and to correct any injustice shown to exist in such classification, appellee must be presumed to have appeared before the commissioners at the time they were sitting in review of their classification of the lands within this district, and to have then objected to any injustice to him by reason of such classification; and if appellee failed to so appear and object, he must be held to have waived all objection to the action of the commissioners relating to such classification. The law gave him ample opportunity to be heard touching the classification of the lands, before a tribunal with ample power to afford him relief. It required

him to be notified in time to interpose any objections he might have thereto. The law also gave him the right of appeal from the decision of the commissioners upon his objections, to three supervisors, who were invested with power to correct any error shown to exist in the classification. Thus the rights of the property owner, in respect to the classification of lands within the district, are fully and perfectly protected; and if the property owner neglects to avail himself of the right of redressing any wrong and of correcting any error and injustice, he ought not to be heard to complain at another time and in another forum. The case here presented presents a striking analogy to the right of a property owner to have the assessment of his property for general taxation reviewed by the town board and afterwards by the county board, and no reason is perceived why the same rule should not govern in both cases.

The objection that appellee was not notified of the resolution and order of the commissioners making these special assessments, and of the making and filing of the assessment roll, and did not, in fact, learn of the same until the time allowed by the statute for an appeal therefrom had expired, is most strenuously insisted upon. It would seem to be a sufficient answer to this contention to say, that the statute does not require such notice to be given. The better answer, perhaps, is, that no reason is perceived why such a notice should be given. From the time the drainage commissioners assume to exercise the powers conferred on them, and which is to result in the levying of a special drainage assessment, the proceedings may not inaptly be likened to a suit in court. The commissioners, as a first step, make a classification of the lands; the property owners are then brought before them by notice,—residents by personal service, and non-residents by publication; and the succeeding steps to be taken, both by the property owner and by the commissioners, follow in regular progression, and without unnecessary delay. And for the same reason that a party over whose person the court has acquired

jurisdiction is required to take notice of the different steps taken in his cause, the property owner in a drainage district who has been notified of the classification of the lands, must also be required to take notice of each succeeding step taken by the commissioners to effect the object for which the district has been organized.

If, therefore, we assume, as did the county court, that the effect of the demurrer and stipulation of the parties was to admit as true, without proof, the facts disclosed in the objections of appellee, they constituted no legal objection to the assessment upon the lands of appellee then delinquent, and it was error for the court to sustain them and abate the tax.

The judgment of the county court is therefore reversed, and the cause remanded for further proceedings.

*Judgment reversed.*