## Edward B. Sanner et al. v. Union Drainage District.

1. CERTIORARI—*Does Not Lie to Question the Organization of a Drainage District.*—A common law writ of certiorari does not lie for the purpose of testing the legality of the organization of a drainage district. The statute has furnished another remedy by information in the nature of quo warranto.

2. SAME—*Does Not Lie Where Another Remedy is Provided.*— Where the classification of lands in a drainage district is complete, it is competent for any person interested to appeal to three supervisors, as provided by statute, and thus obtain a correction of errors in such classification, and if he neglects to avail himself of the right of redress so provided, he ought not to be heard in another forum.

3. MANDAMUS—*Lies to Compel Supervisors to Act.*—Where an appeal from the classification of lands in a drainage district is taken to three supervisors and the supervisors refuse to act, the remedy is by mandamus to compel them to act.

Certiorari.—Appeal from the Circuit Court of Shelby County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

MOULTON, CHAFEE & HEADEN, attorneys for appellants.

HAMLIN & KELLEY, attorneys for appellee.

OPINION PER CURIAM.

The appellants filed in the Circuit Court of Shelby County their petition for a common law writ of certiorari to bring before said court the record and proceedings of the appellee.

The court upon hearing dismissed the petition and quashed the writ of certiorari at the cost of the appellants, from which judgment the present appeal is prosecuted. The petition, at considerable length, set out certain proceedings which had for their object the organization of said drainage district, and pointed out several supposed defects therein which, as averred, vitiated the organization. It also presented certain objections to subsequent proceedings relative to the classification of lands in the district, and an appeal therefrom and the proceedings on the appeal.

The prayer was that a writ of certiorari be issued requiring the said drainage district to bring before the court a transcript of all the documents, papers, files and records in any wise relating to the organization of said district to the end that the court might inspect said record and proceedings, and if found irregular that the same might be set aside.

In the case of Lees v. The Drainage Commissioners, 125 Ill. 47, it was held that the common law writ of certiorari does not lie for the purpose of testing the legality of the organization of a drainage district, for the reason that the statute has furnished another remedy, by information in the nature of quo warranto. This disposes of the point mainly argued by the appellants and perhaps of all that was before the court.

It will be noticed that the prayer of the petition is limited to the proceedings upon which the organization of the district was predicated, and nothing further seems to be within the scope of the relief desired. The petition, however, re-

fers in detail to the action of the district in making a classification of the lands and to the appeal therefrom. When the classification was complete it was competent for any person interested to appeal to three supervisors, as provided by the statute, and thus obtain a correction of any error in the classification; and, as was held in The People, etc., v. Chapman, 127 Ill. 387, if the property owner neglects to avail himself of the right of redress so provided he ought not to be heard to complain in another forum. It follows that the supposed erroneous action of the district in this respect can not be corrected by the common law writ of certiorari because another remedy is provided.

It appears from this record that an appeal was prayed to three supervisors and that the clerk of the district summoned three supervisors of Shelby county to appear and hear the appeal. The supervisors appeared and thereupon the district, by its attorney, objected, that as this was a union district, and as such embraced territory in Macon county as well as Shelby county, one of the supervisors should have been called from Macon county.

The supervisors deemed the point well taken and declined to consider the appeal for that reason, whereupon the clerk issued another order summoning two supervisors from Shelby and one from Macon to hear said appeal, and the three thus summoned met accordingly, when an objection was interposed by Edward B. Sanner, one of the appellants, to the formation of the board of appeal, because the supervisors were not eligible, and because they had not been convened in time. This objection was held good, and the board dissolved.

It may well be doubted whether the action of these boards of appeal can in any sense be considered as a part of the proceedings of the drainage district. Such appellate tribunal is provided by law for the purpose of reviewing and correcting the classification, is independent of and apart from the district, and it is not perceived upon what ground its proceedings are to be deemed a part of those of the district whose action it may modify and correct as may seem proper.

Hence, there appears to be no propriety in connecting its record with that of the district, as was done by the petition in this case.

But whether so or not the remedy for any non-action by the board of appeal is not by certiorari. If in the manner provided by law the board was duly summoned, there is an apt and efficient remedy by mandamus to compel it to act.

We are of opinion the Circuit Court properly dismissed the certiorari, and its judgment will be affirmed.