### F. C. Hamilton et al., Appellants, v. The Vermilion Special Drainage District et al., Appellees.

1. DRAINAGE—*when classification of lands cannot be complained of.* A landowner who has been before the court at the time when the lands within the drainage district had been classified and who has acquiesced in the classification so made for a number of years, is not thereafter entitled to object.

2. DRAINAGE—*when use of particular fund illegal.* Where drainage commissioners have levied a tax and collected the same in order to create a fund to be used for a particular purpose, it is unlawful for such commissioners thereafter by resolution to divert such fund and to use the same for another and different purpose.

3. PLEADING—*what allegations of fraud not sufficient in equity.* General allegations of fraud unaccompanied by a specific showing to support them are insufficient in equity.

Bill in chancery. Appeal from the Circuit Court of Ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

SCHNEIDER & SCHNEIDER, and SMALL & BROCK, for appellants.

CLOUD & THOMPSON and J. L. RAY, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Each of appellants, for himself, filed a bill in the Circuit Court of Ford county, against appellees, to compel the commissioners of the Vermilion Special Drainage District to make a new classification of the lands in such district; also to restrain the commissioners from using money that had been raised by taxation for "repairs and expenses" in the extending of line "E" in said district; also to restrain the commissioners from levying assessments, and the treasurer from collecting the same, and that the commissioners be ordered to spread new assessments upon the lands in said district according to their actual benefits. There was a demurrer filed to each bill, which upon a hearing was sustained and the bills dismissed for want of equity at the costs of complainants. An appeal was prayed by each appellant to this court, but as the bills are identical in form and substance they are treated here and determined as one cause.

In said bills it was averred in substance that said petitioners were landowners and taxpayers in said district and that all lands owned by them had been assessed for the construction, maintenance and repair of the system of drainage in said district for more than twenty years; that their lands had been inequitably assessed and they compelled to pay more than their proportion of the cost of the construction and repair; that the district was organized under the order of the County Court of Ford county in August, 1880; that special assessments were levied on all the lands in said district from 1882 upon the lands as first classified up to December, 1903, when a new classification was made and a new assessment levied for the purpose of extending the outlet of ditches then in use in the district. That on July 9, 1907, the commissioners of said district had adopted a resolution to expend $2,000 then on hand and to levy an additional

86    APPELLATE COURTS OF ILLINOIS.

Hamilton v. The Vermilion Special Drain. Dist., 146 App. 84.

assessment of $14,000 to further drain and improve the lands of the district; that the clerk of said district had caused such assessments to be made and had extended the tax on the basis of the last preceding assessment roll without any material change; that the said sum of $2,000 was by resolution of October 20, 1906, to be expended in extending line ''E'' a branch, for about one mile beyond the point to which it had been formerly constructed twenty years previously; that the extension of said line ''E'' would not be of any benefit to the taxable lands in the district or to the petitioners.

It is further alleged in said bills that other lands, i. e. lands outside of the district, have made connection with ditches in the district and have been materially improved thereby without paying anything for such connection and that said commissioners of the district, although well knowing that such connection had been made, had refused to compel such connecting landowners to pay for such connections as they are required to do under the statute; that the commissioners, in allowing lands outside of the district to drain into the district, and in refusing to reclassify all the lands of the district on an equitable basis were guilty of a fraud upon the petitioners in making them pay more than their proportionate share of the cost, etc.; that the said commissioners had arbitrarily and wholly disregarded their statutory duty by refusing to reclassify the lands of the district.

It is further averred in said bills that in 1903 at a time when it was found necessary to extend an assessment on the lands in the district, the commissioners agreed to make a new classification of the lands, and had made one, but that in doing so had adopted the old basis of classification which was fraudulent, unfair and inequitable; that on October 31, 1906, a levy had been made for a tax of $2,000 for ''repair and expenses'' in said district, which money had been collected and paid over to the treas-

urer of the district, and that on July 9, 1907, the commissioners by resolution declared that it was necessary to expend for proposed work in said district the sum of $16,000; that the $2,000 then on hand realized from the levy of October 31, 1906, made for "repairs and expenses" be expended and paid out to do the work of extending said line "E" and that a special assessment be extended upon the classification of 1903 and approved by the county court, to raise the sum of $14,000.

The contentions made by appellants which we deem it necessary to notice are these: That the classification of the lands in the district was unfair and fraudulent and that a new one should be made; that the commissioners had no power to extend the tax of $14,000 to carry on the work proposed; that the commissioners could not rightfully expend the $2,000 realized from the resolution of October 31, 1906, for "repairs and expenses" in extending said line "E".

Upon the first and second of these claims we entertain no doubt that the ruling of the trial court was right. The lands in the district were first classified in 1880 under the direction and approval of the County Court of Ford county upon which classification all the assessments for money required to do the work in the district up to the year 1903 were extended. In December, 1903, a new classification was made which was in the main the same as the original or first classification, and during all this time appellants acquiesced in what was being done by the commissioners in the district, and took no appeal from either of said classifications as they had a right to do.

In Barber v. Chapman, 127 Ill. 387, which was a proceeding to restrain the collection of a tax extended by the commissioners of a drainage district like the one at bar, the court held that an objection that related to the classification of lands in the district came too late upon such a hearing. The court there said in substance that the law gave the landowners ample oppor-

88    Appellate Courts of Illinois.

Hamilton v. The Vermilion Special Drain. Dist., 146 App. 84.

tunity to be heard touching the classification of lands before a tribunal with ample power to afford him relief, and also gave him the right to an appeal to correct any error shown to exist in the classification. Thus the rights of the landowner, in respect to the classification of lands within the district, were fully and fairly protected.

In the case before us appellants paid their assessments so far as necessary to do the work in the district for a period of twenty years, upon the basis of the first classification, and it would seem that if their lands were wrongfully classified in such first classification they would reasonably be expected, in the exercise of their legal right, to have been heard upon the second classification, and to have corrected upon such second classification any error that may have existed in the first classification.

Appellants argue at great length and aver many times in their bills that the classification was fraudulently made and the assessments inequitable and void. But no sufficient averment of facts is made to show that any requirement of the statute has not been observed in the extending of the taxes, or that any irregularity is involved in the application of any funds, except as to the $2,000 proposed to be used in the extension of line ''E'', or to substantiate the charge of fraud in the petition. Such allegations of fraud are general in their nature, with no specific showing of facts to support them.

That the commissioners had power to make the levy of $14,000 for the purpose of further reclaiming the lands of the district, cleaning out and extending ditches, so that all the lands in the district would receive the benefit and protection contemplated when the district was organized and the lands classified, cannot be seriously questioned. The right of the commissioners to do so is not an open question in our state. Reynolds v. Drainage Commissioners, 134 Ill. 274.

Upon the allegations in the bills to the effect that the use of the $2,000 proposed by the commissioners in their resolution would be a misapplication of such fund, we think the trial court erred in dismissing the petitions.

It appears from the allegations in the bills that on the 31st of October, 1906, the commissioners levied a tax of $2,000 upon the lands in the district for repairs, or general use in the district, which said levy had been extended and the amount collected and received by the treasurer of said district, when on July 9, 1907, the commissioners adopted a resolution fixing the total cost of the work then proposed at $16,000. The cost of extending line "E" was fixed at $2,000 and the money then in the treasury which had been realized by force of the resolution of October 31, 1906, was appropriated to do the work on said line "E." The purposes for which the $2,000 should be used were fixed and determined by the resolution of October 31, 1906, and those purposes could not be changed or altered by the resolution of July 9, 1907, and the attempted use of that sum on line "E" alone was unauthorized.

It is too clear to require argument that monies raised for a general use in the district or for the benefit of all the lands in the district cannot be so used that a part only of the lands taxed to raise that sum shall be benefited.

The commissioners had power to fix the total cost of the proposed work or improvement at $16,000 and to direct the levy of a tax of $14,000 only, which with the amount on hand would meet the whole contemplated cost. Yet they had no right to apply funds raised for a general use to the specific use of the line "E" so that such line "E" would receive a special advantage over other lands in the district which could receive a benefit only after the tax proposed by the resolution of July 9, 1907, could be extended and collected.

Other matters have been argued here which were not argued in the court below and were not raised by any of the allegations in the bills, and are not entitled to discussion in this opinion.

The decree of the court below is reversed and the cause remanded with direction to overrule the demurrer as to so much of the bills as relate to the unlawful use of the $2,000 and to sustain the demurrer as to all the rest.

*Reversed and remanded with directions.*