THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* WILLIAM HULIN *et al.* Appellants.

*Opinion filed December 15, 1908.*

1. TAXES—*one objecting to drainage assessment must prove its invalidity.* One objecting to the enforcement of a tax or special assessment has the burden of overcoming the collector's *prima facie* case by proving the invalidity of the tax or assessment, as the presumption is that the taxing or assessing officers have performed their duty and that the tax or assessment is valid.

2. SAME—*what does not overcome presumption that drainage assessment was divided into installments.* On application for sale for an installment of a farm drainage assessment it is presumed the commissioners have entered an order of record dividing the assessment into installments, and as such division may be made, upon petition by the land owners, after the assessment is levied, proof that the drainage record shows no order for division up to the levy of the assessment does not overcome such presumption.

3. DRAINAGE—*notice of levy of a farm drainage assessment is unnecessary.* Land owners must be notified of the classification of the lands of a farm drainage district; but notice of the levy of the assessment is not required, as the classification is the vital thing to the land owner, being the basis upon which all drainage assessments are to be made.

4. SAME—*objection to classification cannot be made on application for sale.* A land owner who has had notice of the classification of lands of a farm drainage district must present his objections to the classification upon the hearing for that purpose, and if he fails to do so he cannot urge, on application for judgment and order of sale, that his lands were classified and assessed as town lots instead of farm property.

5. SAME—*disqualification of land owners to make classification does not extend to farm drainage districts.* Farm drainage commissioners, although land owners of the district, have power to make the classification of lands which forms the basis of the drainage assessments, as the disqualification of land owners of the district to act is confined to levee drainage districts.

6. SAME—*requirement of statute that delinquent list be filed on March 10 is not mandatory.* The statute requiring the delinquent list showing non-payment of farm drainage assessments to be filed on March 10 is not mandatory, and a failure to file such list until March 31 is a mere irregularity and does not defeat the collection of the assessments.

APPEAL from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding.

JAMES E. DAUGHTERS, for appellants.

FREDERIC R. DEYOUNG, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application upon the relation of John R. Thompson, county treasurer and *ex officio* county collector of Cook county, in the name of the People, in the county court of Cook county, for judgment and order of sale of certain lands of the appellants to enforce the payment of the second and third installments of the first assessment of a drainage tax levied by the commissioners of Calumet Union Drainage District No. 1 of the towns of Thornton and Bremen, in Cook county. The appellants appeared and filed objections as to the rendition of judgment against their lands, which objections were overruled and judgment and order of sale were entered against their lands for the amount of said drainage tax, and they have prosecuted an appeal.

The first contention of appellants is, that it does not appear that assessment No. 1 of the drainage tax levied by said district upon their lands was divided into installments, and that for that reason the county court was without jurisdiction to render a judgment and order of sale against their lands for the installments of said drainage tax included in said judgment and order of sale. The appellee introduced in evidence the formal proofs necessary to make a *prima facie* case and then rested, whereupon the appellants introduced the drainage record down to and including September 30, 1905, the date upon which the assessment of the drainage tax in question was made, which record showed no order dividing the drainage tax into installments. The law casts the burden of proof upon the party

objecting to the enforcement of a tax or special assessment to establish its invalidity, as the presumption is the taxing or assessing officers have performed their duty and that the tax or special assessment is valid. In *People ex rel.* v. *Keener,* 194 Ill. 16, which was an application for a judgment and order of sale to enforce the payment of a drainage tax, it was on page 18 said: "That proof made a complete *prima facie* case. 'The collector's return of the delinquent list, with statutory notice and proof of publication, *prima facie* entitles the collector to judgment for the tax returned as delinquent. The presumption is that the assessor and other officers charged with the levy and collection of taxes have done their duty and have not made an illegal assessment or returned an illegal tax delinquent. We have repeatedly held that the burthen of proof showing such matters as would avoid the tax or establish its illegality is upon the person objecting thereto.' (*Consolidated Coal Co.* v. *Baker,* 135 Ill. 545; *People ex rel.* v. *Chicago and Alton Railroad Co.* 140 id. 210; *Chicago and Northwestern Railroad Co.* v. *People,* 171 id. 249.) 'It is the settled doctrine of this court that anyone objecting to the enforcement of a tax assumes the burden of showing its invalidity. The presumption is that the tax is just,—that all officers who have had any official connection with it have properly discharged their duties.'—*Peoria, Decatur and Evansville Railway Co.* v. *People ex rel.* 116 Ill. 401."

Section 26 of the Farm Drainage act provides for the levying of drainage assessments under said act, and section 29 of the act that the commissioners may order the assessment divided into installments, and the act of May 22, 1885, (Hurd's Stat. 1908, p. 869,) provides that an assessment for drainage purposes may be divided, subsequent to the levy thereof, upon the petition of the land owners of the district, into installments. If, therefore, it was necessary, in order to obtain judgment and order of sale for the installments in question, that the drainage record show that

the drainage tax had been divided into installments,—which is not decided,—we think it clear that the presumption obtains in this proceeding that an order had been made by the commissioners, which was a matter of record, dividing said drainage tax into installments, and that as the division of said drainage tax could legally have been made subsequent to the 30th day of September, 1905, the introduction of the drainage record up to and including September 30, 1905, did not rebut the presumption that the drainage tax had been legally divided into installments and made a matter of record by the drainage commissioners. *Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 Ill. 425.

It is next contended that the appellants were not notified of the levy of said assessment No. 1 by the commissioners of said drainage district. Appellants were notified of the classification of their lands, and, as we understand the statute, that was all the notice that they were entitled to receive of the levying of said drainage tax. The classification of the lands in a farm drainage district is the vital thing to the land owner, as the classification, when established, forms and remains the basis upon which all drainage taxes, future and present, are to be levied in the district. In *People* v. *Chapman,* 127 Ill. 387, on page 392, the court said: "The objection that appellee was not notified of the resolution and order of the commissioners making these special assessments and of the making and filing of the assessment roll, and did not, in fact, learn of the same until the time allowed by the statute for an appeal therefrom had expired, is most strenuously insisted upon. It would seem to be a sufficient answer to this contention to say that the statute does not require such notice to be given. The better answer, perhaps, is, that no reason is perceived why such a notice should be given. From the time the drainage commissioners assume to exercise the powers conferred on them, and which is to result in the levying of a special drainage assessment, the proceedings may not inaptly be

likened to a suit in court. The commissioners, as a first step, make a classification of the lands; the property owners are then brought before them by notice,—residents by personal service and non-residents by publication; and the succeeding steps to be taken, both by the property owner and by the commissioners, follow in regular progression and without unnecessary delay. And for the same reason that a party over whose person the court has acquired jurisdiction is required to take notice of the different steps taken in his cause, the property owner in a drainage district who has been notified of the classification of the lands must also be required to take notice of each succeeding step taken by the commissioners to effect the object for which the district has been organized."

It is further contended that the lands of W. K. Gove, one of the objectors, were classified and assessed as town lots instead of farm property. The objector was notified of the classification, and if he desired to object to the classification of his lands he should then have appeared and made his objection. He cannot, on application for a judgment against the land for a drainage tax, raise the question of classification. In *People* v. *Chapman, supra,* on page 391, it was said: "Assuming, as we must, that the appellee was served with the notice, as required by this section, and the commissioners being by the next section of the act authorized and required, at the time and place mentioned in such notice, to 'hear whatever objections may be urged by any person interested' and to correct any injustice shown to exist in such classification, appellee must be presumed to have appeared before the commissioners at the time they were sitting in review of their classification of the lands within this district and to have then objected to any injustice to him by reason of such classification, and if appellee failed to so appear and object he must be held to have waived all objection to the action of the commissioners relating to such classification."

It is further urged that the commissioners who made the classification were land owners of the district, and it is said they were interested in the classification and that their classification was void. The cases cited by the appellants arose under the Levee act and are not applicable to proceedings under the Farm Drainage act. (*Scott* v. *People,* 120 Ill. 129; *People* v. *Cooper,* 139 id. 461; *Vandalia Levee and Drainage District* v. *Hutchins,* 234 id. 31.) The commissioners, although land owners in the district, had the power to make the classification which formed the basis of the assessment.

It is also urged that the delinquent list showing the non-payment of the assessments in question was not filed in time with the county collector, the list being filed on March 31, 1908, when the statute provides it should have been filed on March 10, 1908. (Hurd's Stat. 1908, par. 106, p. 851.) The section of the statute requiring the delinquent list to be filed on March 10 provides the county collector shall place the delinquent tax, when certified to him by the treasurer of the drainage district, upon the tax books, and that like proceedings shall be had, and with like force and effect, in the collection of said delinquent drainage tax or an installment thereof, and the sale of said lands for the non-payment thereof, as in the collection of ordinary State and county taxes; and section 191 of the Revenue act (Hurd's Stat. 1908, p. 1782,) provides that no assessment of property shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law. The requirement that the delinquent list be filed on March 10 was therefore directory, and not mandatory.

A number of other claimed irregularities in the levy of said drainage tax are pointed out in the briefs of appellants. None of said irregularities, however, go to the substantial justice of said tax and afford no legal grounds for

refusing to enforce the collection of the tax. In *People* v. *Chicago and Eastern Illinois Railroad Co.* 214 Ill. 190, at page 196, it was said: "We are obliged to keep before us the necessity of taxation, and the fact that all the machinery of taxation, except the mere extension of the taxes, is confided to the local authorities, and that all the citizens of the local municipalities are eligible to the offices which compose the taxing body. The legislature was not unmindful of this when it enacted the broad saving provisions of section 191 of the Revenue act. To expect the ordinary citizen to observe every possible formality and the strict letter of the statute concerning non-essentials,—matters that cannot affect the substantial justness of the tax,—and to defeat the tax if that be not done, upon technical objection that some mere form has not been complied with, is, in a sense, to defeat the means of government itself. Such was not the intention of the law and is not the duty of the courts."

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*