THE PEOPLE ex rel. Thomas Crowe, County Treasurer, Appellee, vs. BERNARD SULLIVAN et al. Appellants.

*Opinion filed February 19, 1909.*

1. DRAINAGE—*when objections may properly be stricken from the files.* Where the objections urged to an application for judgment and order of sale for a drainage assessment are of such a character that, whether true or not, they could not affect the validity of the assessment at the hearing of such application, the court is not bound to hear evidence on the objections but may strike them from the files.

2. SAME—*when no notice of assessment is required.* Where a drainage assessment for cleaning and extending ditches is made under section 41 of the Farm Drainage act and extended against the lands according to the classification made when the district was organized, no notice of such assessment is required to be given by the commissioners to the land owners and no new classification is required.

3. SAME—*when a sub-district need not be organized.* In order for a farm drainage district to extend one of its ditches a certain distance from its upper end it is not necessary that a sub-district be organized.

4. SAME—*land owner in farm drainage district is not incompetent to make assessment.* A person owning land in a drainage district organized under the Farm Drainage act is not incompetent to make the assessment.

APPEAL from the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding.

SCHNEIDER & SCHNEIDER, and SMALL & BROCK, for appellants.

CLOUD & THOMPSON, (RAY & DOBBINS, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court for the sale of the lands of appellants for non-payment of a delinquent drainage tax.

The drainage district known as Vermilion Special Drainage District was organized under the Farm Drainage act. The district had been organized and the ditches (according to the original plans) constructed before the tax in controversy here was levied. The commissioners at a meeting held July 9, 1907, adopted a resolution to the effect that it was necessary to clean out portions of two of the three ditches in said district at certain points and to extend the other one a distance of about eight hundred feet. The cost of this work was estimated at $16,000, and $2000 in the treasury was appropriated to defray the cost of the extension of the one ditch, and on the same day the commissioners filed a certificate of levy for the sum of $14,000 as a special assessment on the lands benefited thereby, for the purpose of raising the amount required to do the work of cleaning out the two ditches designated. This tax was extended against the lands according to the classification previously made by the commissioners of the district. That portion of it extended against the lands of appellants was not paid, and the collector applied to the county court for judgment and order of sale of the lands for the payment of said delinquent tax. Appellants filed ten objections. They were, in substance, (1) that the commissioners who made the assessment were land owners in the district and therefore incompetent; (2) that the assessment provided for the construction of a ditch, which could only be done by organizing a sub-district; that the objectors would not be benefited by the work and that they had no notice of the assessment; (3) that the levy was insufficient, irregular and void; (4) that the levy was a gross sum; (5) that the levy was not made in accordance with the statute; (6) that the levy was invalid because the classification of the lands was fraudulent and void; (7) the commissioners had no jurisdiction because no notice was given the land owners; (8) that objectors' lands were assessed more than they would be benefited and more than their proportionate share of the cost

of the improvement; the ninth was practically the same as the seventh objection; (10) that the lands of certain of the objectors were a part of another drainage district into which they drained and did not drain into the ditches of the Vermilion Special Drainage District. The appellee moved the court to strike all of said objections from the files except that part of the eighth objection which alleged that the lands of appellants were taxed more than they were benefited. The motion was not in writing. After argument it was sustained as to the first, sixth, seventh, ninth, and all of the eighth except the portion above referred to. As to the remaining objections no ruling was made until after evidence was heard, when the motion was sustained as to all of the remaining objections except the portion of the eighth mentioned, and at the conclusion of all the evidence that part of said objection was overruled and a judgment rendered and an order of sale of the lands entered. From that judgment this appeal is prosecuted.

It is first contended by appellants that the court erred in sustaining the motion of appellee to strike the objections, and it is insisted that the sufficiency of the objections should have been raised by plea or demurrer. This contention has been decided adversely to appellants in *People* v. *Chapman,* 127 Ill. 387, and *Carr* v. *People,* 224 id. 160. Substantially all the questions raised by the objections were of a character that, whether true or not, could have no possible effect on the validity of the assessment at the hearing on application for judgment, and in such case the court is not bound to hear evidence on the objections but may properly strike them from the files. The assessment here involved was made under section 41 of the Farm Drainage act and was extended against the lands according to the classification made when the district was organized. No notice of such assessment is required to be given by the commissioners to the land owners and no new classification is required, but the tax must be extended on the classification previously adopted.

Neither was it required that in order to extend one of the ditches eight hundred feet from its upper end a sub-district should have been organized. These questions are settled by *Reynolds* v. *Drainage District, 134* Ill. *268,* and *People* v. *Chapman, supra.* That a commissioner owning land in a district organized under the Farm Drainage act is not incompetent to make the assessment was held in *People* v. *Schwank, 237* Ill. 40, and *People* v. *Hulin,* id. 122.

We have considered the objections stricken from the files, and, without referring specially to each of them, are of opinion the court did not err in holding that they raised no question that could be considered on the hearing upon an application for judgment and sale as in anywise affecting the validity of the tax. Upon that portion of the eighth objection which the court did not strike there was no evidence introduced to sustain it, and it was properly overruled.

Finding no error in the rulings of the county court its judgment will be affirmed.                *Judgment affirmed.*