THE PEOPLE *ex rel.* Robert Hewitt, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*objector must overcome the prima facie case made by the People.* Upon application for judgment and order of sale for delinquent taxes the objector has the burden of overcoming the *prima facie* case made by the People.

2. SAME—*one claiming that board of supervisors did not act on certificates and delinquent lists must prove his claim.* One objecting to road and bridge taxes on the ground that the certificates of the highway commissioners were not delivered to the supervisor and laid before and acted upon by the board of supervisors, and that the delinquent lists of the overseers of highways were not laid before the board of supervisors and acted upon, must prove those facts, as they will not be inferred.

3. SAME—*what does not overcome presumption that board of supervisors acted legally.* To overcome the presumption that the board of supervisors, at its September meeting, performed the duties enjoined by law in the matter of acting upon the certificates of highway commissioners, it is not sufficient to introduce in evidence a portion, only, of the record of the proceedings of the board, even though it might be inferred from the portion introduced that the board had disregarded such duty.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

HUNTER & SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The county collector of Kankakee county made application to the county court for judgment and order of sale against the appellant's property for delinquent taxes. This appeal is from the judgment overruling appellant's objections to the road and bridge taxes of Otto, Pilot and Norton townships, on the ground that the commissioners of highways did not give to the respective supervisors the statement required in section 119 of chapter 121 of the statutes, that the supervisors did not lay the statement before the county board and that the county board did not act on such statement, and to the district road taxes in certain districts in Pilot and Norton townships on the ground that delinquent lists signed and sworn to by the overseers of highways were not delivered to the respective supervisors five days previous to the annual meeting of the board of supervisors and were not laid before or acted upon by the board.

It was stipulated the People made a *prima facie* case, and the burden of overcoming it therefore rested upon the appellant. All the towns in which taxes were objected to were under the labor system. The certificates on which the taxes were extended were introduced in evidence and it is not claimed that they were not formally sufficient. The district road tax delinquent lists and one of the certificates of the road and bridge taxes do not show that they were received by the supervisors of the respective towns, but there is no evidence that they were not. The only evidence that the board of supervisors did not have the certificates before them and act upon them is a resolution of the board which was introduced in evidence in reference to the extension of taxes, from which it is insisted that the inference should be drawn, but whether it may be or not is unimportant. This resolution was adopted at the September meeting, 1911, of the board of supervisors. It does not

256 – 27

appear, however, that no other action was taken with reference to the extension of taxes at this meeting. The appellant offered in evidence pages 461, 469 and 470 of supervisors' record "G," showing the organization of the board of supervisors at the September meeting, the resolution just referred to and an adjournment to October 17. There was no evidence that nothing was shown by the intervening pages 462 to 468 in regard to extending road and bridge taxes or district road taxes, or that action was not taken on that subject when the board again convened on October 17. If it were conceded that the resolution shown was not sufficient to sustain the judgment for the taxes in controversy, the presumption would prevail here that' legal action sufficient for that purpose was taken by the board of supervisors at the adjourned session on October 17 or was shown by the pages of the record not produced. (*People* v. *Hulin,* 237 Ill. 122.) The burden of proving that the certificates were not delivered to the supervisor at the proper time, were not laid before the board of supervisors and were not acted upon by the board was upon the appellant, and it introduced no evidence tending to prove either proposition. As to the district road tax in district No. 2 of the town of Pilot there was, however, no return by the overseer of any delinquent list sworn to by the overseer, as required by section 110 of the Road and Bridge act. The list which was returned purported to be sworn to by the overseer of district No. 4, and was therefore no basis for finding the tax delinquent in district No. 2. The objection to this tax should have been sustained. As to it the judgment is reversed and in all other respects it is affirmed.        *Affirmed in part and reversed in part.*