(No. 11046.)

THE PEOPLE *ex rel*. J. H. Boos, County Collector, Appellant, *vs*. RONALD O'DANIEL *et al*. Appellees.

*Opinion filed December 21, 1916.*

1. DRAINAGE—*when classification of lands in a farm drainage district must be disregarded.* Where a valid classification of lands in a drainage district is once made it remains the basis for future assessments until legally changed; but section 21 of the Farm Drainage act, as amended in 1891, (Laws of 1891, p. 102,) requires that if it be found that such classification is not fairly adjusted according to benefits it must be disregarded and a new classification made according to right and justice.

2. SAME—*when all the lands in a drainage district must be re-classified.* Where, after a classification of lands in a farm drainage district has been made and the system of drainage completed, a railroad is constructed across such lands, and the commissioners determine that the classification is not fairly adjusted, but instead of re-classifying all the lands in the district they fix the benefits to the railroad property and public roads only, their action is contrary to the statute, which in such case requires a re-classification of all property in the district.

3. SAME—*owner must be given notice of re-classification of his land.* Under the Farm Drainage act if lands in a drainage district are required to be re-classified the commissioners must give notice to each land owner with an opportunity to be heard, not only as

regards the proportion his land is to bear of any assessment to be levied, but also as to the proportion every other tract will bear.

4. SAME—*when the question whether an illegal attempt at re-classification affects original classification is not material.* Where an assessment of benefits to lands in a drainage district was apportioned partly according to an original classification of the lands and partly on an attempted re-classification, the rights of the land owners are not to be determined by the question whether an illegal attempt at a re-classification affects an original one.

5. SAME—*when a land owner may object to classification on an application for judgment.* Where a land owner has notice of a proceeding to make a classification or re-classification of lands in a drainage district, with an opportunity to be heard before the commissioners, it is too late to object to the classification or re-classification on application for judgment and order of sale for a delinquent assessment; but the rule is otherwise if no notice and an opportunity to be heard were given.

APPEAL from the County Court of Jackson county; the Hon. WILLARD F. ELLIS, Judge, presiding.

R. J. STEPHENS, for appellant.

MARTIN & GLENN, (HAROLD F. LINDLEY, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The commissioners of Boone's Pond Mutual Drainage District levied an assessment of $15,389.50 on the lands within the district and on a railroad and the public roads therein, for the purpose of cleaning out the old ditch and making other improvements. A full explanation of the facts was made in *Boone's Pond Mutual Drainage District* v. *St. Louis, Iron Mountain and Southern Railway Co.* 268 Ill. 264. The assessment was known as assessment No. 2, and was apportioned among the lands within the district according to an original classification, and was charged upon the railroad and public roads according to fractional figures

upon a re-classification which included only the railroad and public roads. On the appeal of the railway company the assessment was declared void as against its property. Upon the application of the county collector for judgment against the lands of the appellees, Ronald O'Daniel and George O'Daniel, the county court of Jackson county sustained objections and refused judgment. The material question now is whether the assessment could be sustained so far as it was levied upon the lands within the district although void as to that part levied upon the railroad and public roads.

In the original classification the lands of the appellees were classified at 100, and when a valid classification is once made it remains the basis of future assessments until changed. (*People v. Hulin*, 237 Ill. 122; *People* v. *Chicago and Interurban Traction Co.* 267 id. 510.) It is provided, however, by section 21 of the Farm Drainage act, as amended in 1891, (Laws of 1891, p. 102,) that if it is found from experience and results that the original classification is not fairly adjusted according to benefits, it shall be disregarded and the commissioners shall make a new classification in accordance with justice and right. After the original classification was made in this district and the system of drainage had been completed a railroad was constructed across lands within the district, and the commissioners determined that the original classification was not fairly adjusted according to benefits and found the benefits to the railroad to be $1000 and to the public roads $500, but instead of classifying all the lands of the district so that an assessment might be fairly adjusted according to benefits they fixed the benefits to the railroad property and public roads alone. That proceeding was not authorized by statute, which requires a re-classification of all property within the district, and every land owner had a right to notice and a hearing, not only concerning the proportion which his lands should bear of any assessment to be levied

thereafter, but also as to the proportion which every other piece of property should bear.  The land owners had no notice and no opportunity to be heard, either as to the fair proportion to be charged to their lands or the amount of benefits to the railroad or public roads.  A certain sum of money was to be raised by an assessment, and every land owner had a right to have it fairly adjusted according to benefits and to that end to have an opportunity to be heard. The assessment was apportioned partly according to the original classification of the lands of the district after taking out that portion of the lands occupied by the railway company, and partly on the attempted re-classification.  The assessment, therefore, was not based upon the original classification, and the rights of land owners are not to be determined by the question whether an illegal attempt at a re-classification affects an original one.  If a property owner has notice of a proceeding to make a classification or re-classification, with an opportunity to be heard, it is too late to make objection to the classification or re-classification on the application for judgment.  (*People* v. *Whitesell,* 262 Ill. 387; *People* v. *LeTempt,* 272 id. 586.)  In this case, however, the land owners had no notice of any proceeding to re-classify the lands and no opportunity to be heard, either as to the fair proportion to be charged to their lands or the benefits to the railroad or public roads.  The court did not err in sustaining the objections.

Various questions touching procedure are argued by counsel, but a consideration of them would not be profitable in view of our conclusions as to the validity of the assessment.

The judgment is affirmed.          *Judgment affirmed.*