THE PEOPLE *ex rel.* N. C. VanSlooten

*v.*

THE BOARD OF COMMISSIONERS OF COOK COUNTY *et al.*

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. CONSTITUTIONAL LAW—*Canada Thistle act of 1903 is unconstitutional.* The Canada Thistle act of 1903 (Laws of 1903, p. 87,) is in violation of the provisions of the constitution requiring taxation to be uniform and in proportion to the value of the taxable property, since it attempts to authorize the imposition of a tax upon lands and lots in certain townships and counties to raise revenue to pay the expenses and compensation of the commissioner of Canada thistles and noxious weeds.

2. SAME—*Canada Thistle act of 1903 is not within the exception in favor of local improvements.* The Canada Thistle act of 1903 cannot be sustained as being within the exception of section 9 of article 9 of the constitution in favor of the making of local improvements by special assessment or taxation, since the legislature has no power to authorize counties or townships to make local improvements by special assessments, nor can the removal of noxious weeds be regarded as a local improvement within the meaning of the constitution.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was a petition for *mandamus,* filed in the circuit court of Cook county by N. C. VanSlooten, the relator, to compel the board of commissioners of Cook county to audit the report of relator as commissioner of Canada thistles and noxious weeds. A demurrer to the petition was sustained, and the relator appealed to this court.

The board of commissioners of Cook county, on July 7, 1903, under and by virtue of an act entitled "An act to amend 'An act concerning Canada thistles, approved and in force March 15, 1872,' as amended by an act of June 27, 1885, also by adding the following sections: '10, 11, 12, 13, 14 and 15,' declaring certain weeds nuisances, and providing for their destruction by county boards in counties where boards of town auditors of two or more townships have been consolidated or abolished," (approved May 13, 1903, in force July 1, 1903,) appointed relator commissioner of Canada thistles and noxious weeds for all the townships in Cook county in which boards of town auditors had been abolished. Relator immediately qualified and entered upon the performance of the duties of his office. On September 12, 1903, he filed a verified written report with the county clerk of Cook county, purporting to show the cost and expense of removing noxious weeds from lands described in the report up to and including that date. This report, after being on file for twenty days, was forwarded by the county clerk to the board of commissioners of Cook county, which board refused to audit the same on the ground that it was grossly inaccurate and erroneous, and requested relator to make a new report. Thereafter, on November 23, 1903, he filed another verified written report with the county clerk. This report remained on file for twenty days, and was then forwarded by the county clerk, together with objections of land owners, to the board of commissioners. This board referred the report

to its committee on finance, which reported that it "contains many inaccuracies and irregularities, and your committee would therefore recommend that the said supplemental report be not approved." The report of the committee on finance was adopted and concurred in by the board of commissioners, and said board has refused to take any further action in the matter.

The demurrer to the petition was based on the ground that the statute under which relator was appointed commissioner of Canada thistles and noxious weeds is unconstitutional and void. It is here urged that the act violates sections 1 and 9 of article 9 and section 13 of article 4 of the constitution of the State.

It is also contended that the board of commissioners did audit the report by refusing to approve it, and, if the act is constitutional, relator's only remedy is an appeal to the county court of Cook county, as provided in section 11 of the act in question.

FRANCIS A. McDONNELL, (SAMUEL ADAMS, of counsel,) for appellant.

JAMES H. WILKERSON, WILLIAM F. STRUCKMANN, and FRANK L. SHEPARD, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The act of May 13, 1903, which purports to amend an act concerning Canada thistles, requires county boards, in counties where two or more boards of town auditors have been or shall hereafter be abolished, to appoint a commissioner of Canada thistles and noxious weeds for townships in which such boards have been or shall be abolished. The commissioner is made a county officer, and his compensation is fixed at five dollars for each day necessarily spent in the discharge of his duties. The act provides that if certain noxious weeds, which are declared to be nuisances, shall be

found growing on lands within the territory for which the commissioner is appointed, and the owner of the land fails to remove such noxious weeds within a certain time after notice, it shall be the duty of the commissioner to cause the same to be removed or destroyed in such manner as he shall deem best, and to file a verified written report of the cost and expense thereof with the county clerk. Each lot or tract of land from which such noxious weeds are removed by the commissioner is made to bear its *pro rata* share of the incidental expenses and compensation of the commissioner, as well as the actual expense incurred in removing the noxious weeds therefrom. The commissioner is authorized to expend not more than fifty cents on each city lot and not more than five dollars on each acre of unsubdivided land for work and material. The written consent of the owner of the land or of the county board must be obtained to authorize any greater expenditure. The act further provides that after the report of the commissioner has been on file in the office of the county clerk for twenty days, the last named officer shall forward it to the board of county commissioners, which body shall audit and return it to the county clerk, who shall levy the costs and charges therein certified and approved against the various lots and tracts of land upon the tax records of the county, to be collected in the same manner that taxes of the county are levied and collected, and, when collected, shall be paid out by the county treasurer upon the order of the commissioner.

It is apparent that by this act the legislature has attempted to impose upon certain counties of the State the duty of destroying and removing the noxious weeds mentioned in the act from lands and lots in certain townships in those counties, and that in order to provide such revenue as may be needful for performing this duty, including the revenue necessary to pay the incidental expenses and compensation of the county officer under whose supervision the work is to be done, the legislature has attempted to authorize the impo-

sition of a tax against the lands and lots from which the noxious weeds shall be removed.

This act violates section 1 of article 9 of the constitution of this State, which provides that taxation shall be uniform and in proportion to the value of the taxable property, because the revenue which is provided for the purpose of enabling the county to discharge the duty imposed of destroying noxious weeds is not to be raised by levying a tax according to valuation, as provided by the constitution, but is to be levied only upon the property from which the noxious weeds are removed and without regard to the value of such property.

The only exception to the constitutional provisions requiring taxes to be uniform and to be levied according to valuation of property is contained in section 9 of article 9 of the constitution, which authorizes the General Assembly to vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment or by special taxation of contiguous property, or otherwise. That section can have no application to the act under consideration for two reasons: First, no authority is conferred upon the legislature to vest the authorities of counties or townships with power to make local improvements by special assessment; and second, the removal of noxious weeds from property cannot be regarded as a local improvement within the meaning of the constitutional provision. *City of Chicago v. Blair*, 149 Ill. 310.

Inasmuch as the act under which the relator was appointed commissioner of Canada thistles and noxious weeds is in conflict with section 1 of article 9 of the State constitution, and is therefore unconstitutional and void, it is unnecessary to consider the other questions discussed in the briefs of the respective parties to this appeal.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*