The People ex rel. Frank F. Freeman, County Collector, Appellant, vs. John Whitesell et al. Appellees.

Opinion filed February 21, 1914—Rehearing denied April 9, 1914.

1. Drainage—*original classification is binding until a new classification is made.* The original classification of lands in a farm drainage district becomes binding upon the land .owners for their respective proportions of the payment for the proposed work at the time it is made, but neither then, nor at any other time, can an assessment levied upon such classification exceed the benefits to the land assessed.

2. Same—*what does not deprive land owner of right to insist that assessment shall not exceed benefits.* Farm drainage commissioners may make a new classification if they believe, from experience and results, .that the former classification is not fairly adjusted on the several tracts of land according to the benefits which will be derived.from a new plan of drainage for which it is proposed to levy a new assessment; but the fact that the commissioners decide that no new classification is necessary does not deprive a land owner of the right to insist that the new assessment against his land shall not exceed the benefits thereto from the new plan.

3. Same—*constitution limits drainage assessments to the benefits received.* The provision of the constitution which authorizes drainage assessments does not authorize any assessment beyond the benefit conferred by the enhanced market value of the land, and neither the legislature nor drainage commissioners acting under the authority of any law can levy and enforce an assessment beyond that limit.

4. Same—*question is not whether benefits to the whole district equal the cost of the improvement.* To hold that in determining whether a farm drainage assessment exceeds the benefits the court must consider the benefits conferred upon the whole district, and, taking the whole district and the entire improvement, determine whether the benefits equal the cost, would be to deprive the individual land owner of his constitutional right to insist that the assessment against his land shall not exceed the benefit thereto derived from the improvement.

5. Taxes—*question whether a farm drainage assessment exceeds benefits may be raised on application for judgment and order of sale.* Every owner of land in a drainage district is entitled, at the first opportunity presented, in a tribunal authorized to determine the question, to a hearing on the question whether an assessment exceeds the benefit to his land, and under the present Farm

Drainage law the first opportunity is upon application for judgment against his land and an order of sale.

6. SAME—*the collector's report, when evidence to meet it is produced, ceases to have any force.* On application for judgment against land for taxes the collector makes a *prima facie* case by introducing his report, with proof of publication of notice, and the *prima facie* case must prevail unless an objector produces proof to contradict it, but when this is done the collector's report ceases to have any force as proof and the issue must be determined from the evidence.

7. SAME—*when a judgment reducing farm drainage assessment will not be reversed on appeal by the collector.* A judgment of the county court reducing a new farm drainage assessment to a flat rate of fifty cents an acre, although the lands were classified at different rates on a graduated scale in the original classification according to the benefits to be received from the original improvement, will not be reversed on appeal by the collector, where the evidence justifies the conclusion that the lands of the objectors, which were classified at the highest rate on the graduated scale, were not benefited more than the amount of judgment so rendered.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

ROBERT G. HAMMOND, State's Attorney, (JAMES W. & EDWARD C. CRAIG, and DONALD B. CRAIG, of counsel,) for appellant.

T. N. COFER, and H. A. NEAL, for appellee John Conrad.

ALBERT C. ANDERSON, and CHARLES C. LEE, for other appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Union Drainage District No. 3, by user, of the towns of Seven Hickory and Humboldt, in Coles county, was organized in 1901 under section 76 of the Farm Drainage act and the lands in the district were classified as required by that act. The drainage system then adopted consisted

of an open outlet ditch with a headwall at the upper end, above which there were tile drains. In 1912 the commissioners decided that the open ditch should be cleaned out, deepened and widened, and that two lines of tile, of twenty-seven and twenty-four inches, respectively, should be laid parallel with the existing tile drains. They levied an assessment of $15,500 on the lands of the district, according to the original classification, to do the contemplated work. On the day that the contracts were let for the work, the appellees, land owners in the district, served notice upon the commissioners that they would object to the additional assessment on application for judgment against their lands. The commissioners proceeded with the work, and the lands of the appellees being delinquent, the county collector made application to the county court for judgment and order of sale. The appellees and two other land owners severally filed objections to the application, and one objection which was common to all was, that the lands of the objectors would not be benefited by the work to the amount assessed against the same. Upon the trial the court found the issue under that objection for the appellees; that their lands were not benefited by the work in any amount greater than what was necessary to clear out the open ditch, and that they were not benefited beyond fifty cents per acre. The court overruled the objections of the other two land owners and all objections of appellees except the one stated, sustained that objection to the excess above fifty cents per acre against the several tracts of land, and entered judgments for that amount. It was agreed that one bill of exceptions should be made and filed covering all the cases and that upon an appeal to this court the causes should be consolidated. The collector appealed from the judgments.

The lands against which judgments were rendered at fifty cents per acre were classified at different rates on the graduated scale in the original classification according to the benefits to be received from the system of drainage,

and a great many other tracts of land in the district not objected for were also classified at different rates from these lands. It is argued that the court erred in reducing the assessment to a common level of fifty cents per acre regardless of the classification, and also erred in limiting the inquiry under the objection to the question whether the lands of appellees were benefited. The position of counsel for appellant is that the classification determined the relative benefits and should be observed in making any reduction, and that the court should have considered the entire improvement, including the lands benefited by the new tile drains, and if it was found that the whole improvement benefited the whole district, in the aggregate, to the amount of the assessment, the objection should have been overruled, regardless of the question whether the lands of appellees were benefited or to what extent. In *People v. Welch,* 252 Ill. 167, in answering an argument that several land owners could not join in the same objection, it was said that, assuming the classification to be correct, a reduction of the assessment to the benefits to a particular tract would be a reduction to a point equal to the benefits to any other tract of land. If it should be admitted that the court ought to have observed the classification in making a reduction it would not result in a reversal, because the evidence justified the conclusion that the lands of the appellees, which were assessed at the highest rate on the graduated scale, were not benefited more than the amount of the judgment, and if that was so, it would follow that the judgments against lands lower in the scale were for too much. The original classification became binding upon all the land owners for their respective proportions of the payment for the proposed work at the time it was made, but neither then nor at any other time could an assessment levied upon such classification exceed the benefits to the land assessed. The statute gave the commissioners the right to make a new classification if they believed, from experience

and results, that the former classification was not fairly adjusted on the several tracts of land according to benefits which might be derived from the new plan and assessment. They determined that a new classification was not required, but that did not deprive the appellees of their right to insist that no assessment should exceed benefits. The power to levy special assessments for drainage purposes rests upon section 31 of article 4 of the constitution, which authorizes such assessments upon the property benefited. It gives no authority for an assessment beyond the benefit conferred in the enhanced market value of land, and neither the General Assembly nor drainage commissioners acting under the authority of any law can levy or enforce an assessment beyond that limit. Every owner of property has a right to a hearing on the question whether an assessment exceeds benefits before some tribunal authorized to determine it, and under the existing Drainage law the first opportunity is upon application for judgment against his land. (*People* v. *Welch, supra; People* v. *Brown,* 253 Ill. 578.) To say that a court must consider the benefits conferred upon other parts of the district by the improvement, and, taking the whole district and entire improvement, find whether the benefits equal the cost, would be to deprive the particular land owner of the protection against assessments exceeding benefits which the constitution gives him.

The collector made a *prima facie* case by the introduction of his report, with proof of publication of notice of the application for judgment. (*Briggs & Frith* v. *Union Drainage District,* 140 Ill. 53; *Lovell* v. *Sny Island Levee District,* 159 id. 188.) The *prima facie* case must prevail unless there is evidence to the contrary, and it casts the burden of proof upon the objector in the sense of requiring him to produce such evidence. After that is done the collector must meet such evidence and the report ceases to have any force as proof, (*City of Rockford* v. *Mower,* 259 Ill. 604,) and the issue must be determined from the evi-

dence.   In *People* v. *Sullivan,* 238 Ill. 386, no evidence was introduced to overcome the *prima facie* case, and the objection was therefore properly overruled.   The same condition existed in *Trigger* v. *Drainage District No. 1,* 193 Ill. 230, where the only testimony consisted of casual observations as to the condition of crops on the land, made a year or two previous to the assessment.   Considering the evidence introduced in this case, we cannot say that the court erred in the finding and judgment respecting the benefits conferred by the work.

The judgment is affirmed.                 *Judgment affirmed.*