(No. 11573.—Judgment affirmed.)

THE PEOPLE *ex rel.* William L. O'Connell, County Collector, Plaintiff in Error, *vs.* CHARLES SCHWARTZ *et al.* Defendants in Error.

*Opinion filed June 20, 1918.*

1. DRAINAGE—*when objectors are estopped to set up legal objections to an assessment.* On application by the county collector for judgment for an installment of a farm drainage assessment land owners cannot object that the entire assessment is void because of the disregard of statutory requirements and that it is levied to pay prior indebtedness, where they filed objections to the applications for judgment for previous installments of the same assessment, which were overruled and judgment and order of sale entered.

2. SAME—*objectors not estopped to insist previous assessments have equaled benefits.* Under the constitutional right of every property owner to a hearing on the question whether a drainage assessment exceeds the benefits to the land, objectors to the application of the county collector for judgment for a seventh installment of a farm drainage assessment are not estopped to insist that the payments of previous assessments and installments have equaled the total benefits derived from the entire improvement.

WRIT OF ERROR to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

OTTO F. REICH, (GEORGE A. MASON, of counsel,) for plaintiff in error.

JOHN G. DRENNAN, and FREDERIC R. DEYOUNG, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county sustained objections of the defendants in error to the application of the county collector for judgment and order of sale of their lands for the seventh installment of assessment No. 2 of the Calumet Drainage District No. 1 of the towns of Thornton and Bre-

men, and refused judgment. The record has been brought to this court for review by writ of error.

To the application of the collector fifty-four objections were filed, some in the nature of legal objections to the whole assessment and others upon the ground that the assessments already paid equaled all the benefits to the lands. The legal objections which are insisted upon in argument to sustain the judgment are: (1) That assessment No. 2 was void because in levying it the statutory requirements were disregarded; and (2) that a drainage assessment can not be levied to pay a prior indebtedness.

The objectors were estopped from making these objections on the application for judgment for the seventh installment for the reason that they filed objections to applications for judgment for previous installments of the same assessment and the objections were overruled and judgment and order of sale entered. An application was made for judgment and order of sale for the non-payment of the first and second installments. They filed objections which were held insufficient by the county court and judgment was entered, from which they prosecuted an appeal to this court and the judgment was affirmed. (*People* v. *Gunzenhauser,* 237 Ill. 262.) They also filed objections to the application for judgment for the third installment and there was a judgment for that installment. Section 66 of the Local Improvement act contains a special provision applicable only to special assessments levied by cities, villages and towns, which prohibits interposing any defense affecting the validity of the proceeding subsequent to a first application for a judgment, and that provision has been sustained in numerous cases, but before that provision was enacted this court had decided that a judgment sustaining objections to the validity of an ordinance for a special assessment operates as an estoppel by verdict in a subsequent application for judgment on a later installment. (*Markley* v. *People,* 171 Ill. 260.) This was upon the ground that when a matter,

whether consisting of one or many questions, has been adjudicated by a court of competent jurisdiction it is to be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question or questions arise. In holding that a judgment overruling objections to an application for judgment of sale for one installment is conclusive on an application for judgment for a subsequent installment, the decisions have been based not only upon section 66 but upon the general rule of law that the judgment is final and conclusive as to all objections which were or could have been made and litigated on the application for judgment on prior installments. *Gross* v. *People,* 193 Ill. 260.

Another objection to the application was that the aggregate of all the assessments levied upon the lands exceeded the benefits, and that payments already made were equal to all the benefits derived from the whole system of drainage. The court personally examined the premises and heard evidence and sustained this objection and refused judgment accordingly. The district was organized in 1905 for a combined system of drainage under the Farm Drainage act of June 27, 1885. The plan of drainage adopted was for two main ditches and for two auxiliary or lateral ditches. A first assessment of $35,000 was levied on September 6, 1905, and divided into five installments. The work was commenced, but the assessment being insufficient to pay the cost of the work, subsequent assessments were made from time to time for the completion of the original plan, as follows: Assessment No. 2 for $42,000 was levied May 15, 1906, divided in ten installments; assessment No. 3 for $30,000 was levied on March 10, 1908, and not divided; assessment No. 4 for $33,428.62 was levied July 21, 1909, divided in two installments; and assessment No. 5 for $34,400 was levied on March 20, 1912, and divided in two installments. The total assessments aggregated $174,928.62. The objectors had filed objections to the collection of the fourth

installment of assessment No. 1, the above noted objections to assessment No. 2 and to the third installment of assessment No. 3, and they had paid in full the first, third and fourth assessments and the first six installments of the second assessment. Neither the former judgments nor the payments previously made estopped the objectors nor affected in any manner their right to insist that the payments made were equal to the benefits received. The power to levy special assessments for drainage purposes is given by section 31 of article 4 of the constitution, which authorizes such assessments upon property benefited, with the necessary limitation that assessments cannot exceed benefits. The constitutional provision cannot be disregarded or evaded, and in no case can the aggregate amount of all assessments exceed the benefits to the lands assessed. Every owner of property has a right to a hearing on the question whether an assessment exceeds benefits, and under the Drainage law the first opportunity is upon application for judgment against his land. (*Havana Township Drainage District* v. *Kelsey,* 120 Ill. 482; *Winkelmann* v. *Drainage District,* 170 id. 37; *People* v. *Welch,* 252 id. 167; *People* v. *Brown,* 253 id. 578; *People* v. *Burrall,* 258 id. 509.) The validity of the proceedings for the assessment was involved in the former application, but the objection that the aggregate assessment exceeded benefits was not available so long as the assessment being collected did not exceed the benefits. Notwithstanding former judgments or payments the objectors were not estopped to insist that the payment of prior assessments equaled all benefits received and that any further payment would be in excess of such benefits. (*People* v. *Whitesell,* 262 Ill. 387; *People* v. *Garner,* 267 id. 396; *People* v. *LeTempt,* 272 id. 586.) The assessments having all been successively levied for the scheme of drainage originally planned and carried out, it was not a question whether the land of the objectors would be benefited the amount of the seventh installment of the

second assessment when it was made, but whether the amounts already paid by the objectors equaled the total benefits derived from the lands from the whole improvement. Drainage assessments are unlike special assessments by municipalities, where the question whether an assessment exceeds benefits is determined on an application for confirmation of the assessment, but the first chance to make an objection is on application for judgment and order of sale.

The judgment is affirmed.　　　　*Judgment affirmed.*

---

(No. 11993.—Appellate Court reversed; circuit court affirmed.)
EVERETT SMITH, Plaintiff in Error, *vs.* THE COUNTY OF LOGAN, Defendant in Error.

*Opinion filed June 20, 1918.*