# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

(No. 15912.—Judgment affirmed.)

CHARLES MARSHALL, et al. Appellees, vs. THE COMMISSION-
ERS OF UPPER CACHE DRAINAGE DISTRICT, Appellants.

*Opinion filed June 17, 1924.*

1. DRAINAGE—*an assessment cannot be made unless property
is benefited.* Under section 31 of article 4 of the constitution an
assessment cannot be levied for a drainage improvement unless the
property is benefited with a benefit that is direct and substantial
and not uncertain and speculative, and the aggregate amount of
all assessments cannot exceed the benefits to the lands assessed.

2. SAME—*amendment of 1923 to section 44 of Levee act is un-
constitutional.* The amendment of 1923 to section 44 of the Levee
act, providing for assessment of lands of a drainage district upon
abandonment of the district as provided therein, violates section 31
of article 4 of the constitution in assessing lands which have not
been benefited and in authorizing the county court to levy the
assessment, and the amendment is incomplete and inoperative.

3. SAME—*county court cannot levy drainage assessment.* Un-
der section 31 of article 4 of the constitution only the corporate
authorities of a drainage district may be authorized to levy an
assessment, and the county court cannot levy an assessment, as it
is not and cannot be the corporate authority of the district.

APPEAL, from the County Court of Johnson county; the Hon. JOHN O. COWAN, Judge, presiding.

CHARLES J. HUFFMAN, and CREIGHTON & THOMAS, for appellants.

CRAIG & CRAIG, P. J. KOLB, H. A. SPANN, O. R. MORGAN, and S. BARTLETT KERR, (HOMER T. DICK, and J. A. CONNELL, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Upper Cache Drainage District, comprising several thousand acres of land in Johnson and Union counties, was organized in 1921 in the county court of Johnson county under the provisions of the Levee act. The estimated cost of the proposed improvement was $250,000. At a cost of about $12,000 the commissioners caused the lands to be surveyed, had an estimate of cost made, and prepared and filed the assessment roll. August 30, 1923, 155 land owners of the district filed a petition in the county court praying that the whole system of proposed works be abandoned and the district abolished. An answer was filed by the commissioners, admitting all the jurisdictional facts and asking that the court refuse to grant the prayer of the petition except upon condition that all costs, charges and expenses, including fees of the attorneys, engineers and commissioners, be paid within thirty days from the entry of the order of dissolution. The request of the commissioners was based upon the 1923 amendment to section 44. The court held this amendment unconstitutional and entered its order granting the prayer of the petition on condition that the court costs be paid by the petitioners within thirty days. The costs were paid within the time required and the judgment of dissolution became final. The commissioners prosecute this appeal to review that judgment.

The amendment on which appellants rely for relief reads as follows: "And at any time before the contract for the construction of the proposed works shall have been made, upon presentation to the county court of a petition signed by a majority in number of all the land owners of such district, and owning more than one-half in area of the lands in the district to which the petitioners belong, praying that the whole system of proposed works may be abandoned and the district abolished, the court shall enter upon its record an order granting the prayer of such petition, *upon condition that an assessment be levied by the court against all the lands of the district with which funds the commissioners under order of the court shall pay charges and expenses incurred in the matter of organization of such district up to the time of entering of such order by the court, as the court shall deem just and equitable including court costs, within thirty (30) days from the rendition of such order.* If such petitioners fail to comply with such order, it shall be considered after the expiration of said thirty (30) days as of no force and effect whatever. If the district be abolished under this section, assessments that shall have been collected shall be refunded to the persons who have paid the same, or their lawful representatives." (Laws of 1923, p. 330.)

When this district was organized, section 44 provided that the county court enter its order granting the prayer of the petition for abolishing the district, "upon condition that the petitioner pay all court costs within thirty (30) days from the rendition of such order." (Laws of 1919, p. 441.) In lieu of the words quoted, there were inserted by the amendment of 1923 the words italicized in the preceding paragraph. The author of the amendment has lifted four words out of the statute and into their place has dropped fifty-nine words, and the result is an ambiguous, if not meaningless, and unworkable statute. The act of 1919 clearly provided that the order granting the prayer

of the petition should be entered upon condition that the petitioners pay the court costs within thirty days from the rendition of the order. The amendment of 1923 provides that the county court shall levy an assessment against all the lands in the district, and that the commissioners shall pay all charges and expenses incurred in the matter of the organization of the district from the fund thus created. Whether the assessment shall be levied within thirty days, or the land owners shall pay the assessment within thirty days, or the commissioners shall pay all the charges and expenses within thirty days, is not made clear. If the court had power to make the assessment against the lands of the district it does not have the power to enforce the payment of the assessment within thirty days. If the assessments were not paid within thirty days the commissioners would have no fund from which to pay the charges and expenses. The statute further provides that if the petitioners fail to comply with the order it shall be void. What does this language mean? There is no order requiring the petitioners to act. This provision was retained as it existed in the 1919 amendment, and when read in connection with the words added by the 1923 amendment it is meaningless. Suppose all the land owners in the district except one pay their assessments; is the order nullified because of the delinquency of one land owner? The act is incomplete and inoperative and no valid judgment can be entered under it.

The amendment of 1923 authorizes the court to levy an assessment against all the lands of the district in an amount to be determined by it, without regard to benefits and without any of the proposed drainage system being constructed. The amendment authorizes an assessment, not for the construction and maintenance of drainage works, but to pay charges and expenses incurred in the preliminary work of organizing the district in anticipation of and preparatory to letting a contract for the digging of ditches and the building of levees. The court is directed to levy

an assessment against all the lands in the district,—not only those of persons who signed the petition to dissolve the district, but, those of persons who signed neither the petition to organize the district nor the petition to dissolve it.

Section 31 of article 4 of the constitution of 1870 authorizes the General Assembly to pass laws providing for the organization of drainage districts and to vest the corporate authorities of said districts with power to construct and maintain drainage systems by special assessments upon the property benefited thereby. This section is framed as though it were a grant of power to the General Assembly, but it is, in fact, an exception to the limitations placed upon the power of the General Assembly by article 9 of the constitution. Section 9 of article 9 required all taxes levied by such municipal corporations as drainage districts to be uniform in respect to persons and property within the district. This limitation was removed by section 31 of article 4, so that special assessments could be levied upon such property in the district as received benefits from the drainage system constructed. The theory of raising revenue by special assessment is that the benefits accruing to certain real estate by the construction of a proposed improvement will exceed the cost of the improvement and that it is right that the property benefited should bear the cost of the construction. This court has held repeatedly that the aggregate amount of all assessments cannot in any case exceed the benefits to the lands assessed. (*Schwartz* v. *Big Lake Drainage District*, 307 Ill. 209; *People* v. *Schwartz*, 284 id. 159; *Badger* v. *Inlet Drainage District*, 141 id. 540.) Construing section 31 as a limitation on the general and inherent power of the government to raise revenue by taxation, the General Assembly can vest a drainage district with power to make local improvements by special assessments upon property within the district only when that property is benefited by such improvements. (*Little Beaver Drainage District* v. *Livingston*, 270 Ill. 582; *People* v.

*Welch,* 252 id. 167.)    Furthermore, the benefits must be direct and substantial and not uncertain and speculative. (*People* v. *Whitesell,* 262 Ill. 387; *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 id. 398.)    In the case at bar no contract had been let and none of the proposed works had been constructed.    It is clear that no benefits were received or could be received by the lands until ditches had been dug and levees made. Nothing had been done which enhanced the market value of the land nor which made the land more productive.    For the reason that it authorizes the levying of an assessment against lands that are not benefited, for charges that cannot benefit the lands, the amendment of 1923 is unconstitutional.

A further limitation placed upon the power of the General Assembly by section 31 is that the special assessments for benefits received must be levied by the corporate authorities of the drainage district.    The corporate authorities of the district here involved are the commissioners, who were appointed at the request of a majority of the land owners. The county court is not and cannot be the corporate authority of the district, and this amendment, which purports to give to the county court power to levy an assessment against the lands of the district, contravenes the provisions of section 31 of the constitution and is therefore void.    *Funkhouser* v. *Randolph,* 287 Ill. 94; *Herschbach* v. *Kaskaskia Island Sanitary and Levee District,* 265 id. 388.

For the reasons hereinbefore assigned and other reasons which it is unnecessary to discuss, the county court properly held that section 44 as amended in 1923 was ineffective and that the proceedings at bar were controlled by section 44 as amended in 1919.    The judgment is therefore affirmed.

*Judgment affirmed.*