(No. 19464.—

THE PEOPLE *ex rel.* Orion B. Goble, County Collector, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed April 20, 1929.*

POPE & DRIEMEYER, for appellant.

C. M. HEINLEIN, State's Attorney, (T. N. COFER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed objections to the application of the county treasurer of Coles county, as *ex-officio* county collector, for a judgment of sale against its property in school

district No. 50 in Coles county for a portion of the school tax for the year 1927 which had been returned delinquent. The objections were overruled and judgment entered, and the cause comes here on appeal.

The board of education of school district No. 50 made a levy of taxes for the year 1927 amounting to $65,000 for educational purposes and $40,000 for building purposes and filed a certificate of such levy. To produce the amount of taxes necessitated a rate of $2.50 on each $100 assessed valuation. The total amount of school taxes assessed against appellant's property in that district was $6283.28. Appellant paid $5026.62, or the amount produced by the extension of a tax at the rate of two dollars on each $100, and refused to pay the sum of $1256.80, being the amount produced by the extension of fifty cents in excess of the rate of two dollars. The basis of the objection to the tax in excess of a rate of two dollars upon $100 assessed valuation is, that the election which was held, and at which authority for the assessment of the tax was voted, did not legally grant such authority.

School district No. 50 in Coles county comprises the territory in which the city of Charleston is situated. Its school system consists of common or grade schools, of eight grades each, and a four-year high school. In 1920 the board of education was authorized, at an election held for that purpose, to levy taxes for educational purposes not to exceed a maximum of three dollars, which was one dollar over the maximum fixed by statute, and to levy a tax not exceeding one dollar for building purposes, which was twenty-five cents more than the amount authorized by statute. On January 14, 1927, the board of education adopted a resolution reciting that there had been established in school district No. 50 not only grade schools but a high school; that the board had theretofore been authorized at an election to levy annual taxes for educational purposes of three per cent and for building purposes of one per cent,

which taxes were then being levied and which authority had never been withdrawn, and that it was for the best interest of the school district to levy, annually, taxes for educational and building purposes in excess of the rates then authorized. The resolution further recited that it was for the best interest of the school district to "levy a tax of one-quarter of one per cent for educational purposes in addition to the tax of three per cent for educational purposes which the said school district is now authorized to levy, and further to levy a tax of three-quarters of one per cent for building purposes and the purchase of school grounds in addition to the tax of one per cent for building purposes and the purchase of school grounds which the said school district is now authorized to levy."

By resolution a special election was called for January 25, 1927, to submit to the voters "the proposition to levy said additional tax of one-quarter of one per cent for educational purposes and said additional tax of three-quarters of one per cent for building purposes and the purchase of school grounds." The notice of election posted was as follows:

"Notice is hereby given that on Tuesday, January 25, 1927, a special election will be held in said school district for the purpose of submitting to the legal voters thereof the following propositions:

"(1) To authorize the board of education of Charleston union school district No. 50, Coles county, Illinois, to levy a tax annually upon all taxable property of the said school district in the total amount of three and one-quarter per cent ($3\frac{1}{4}\%$) for educational purposes upon the aggregate valuation of all taxable property within the said school district.

"(2) To authorize the board of education of Charleston union school district No. 50, Coles county, Illinois, to levy a tax annually upon all the taxable property of the said school district in the total amount of one and three-

quarters per cent (1¾%) for building purposes and the purchase of school grounds, upon the aggregate valuation of all taxable property within the said school district."

The forms of ballot used at that election conformed with paragraphs 1 and 2 of the notice. The propositions were adopted and the tax authorized by vote.

Since the change in the statute relating to land valuations for taxing purposes the tax is being levied at a total rate for all school purposes of $2.50 on each $100 of assessed value.

It is argued that the resolution and the ballot used do not comply with section 189 of the School law. That section authorizes boards of education to levy an annual tax not to exceed two per cent for educational purposes and three-quarters of one per cent for building purposes, and provides that if they desire to levy more than two per cent but not more than three per cent for educational purposes, and more than three-quarters of one per cent but not more than one per cent for building purposes, they might "by resolution stating the per cent so desired, cause a proposition for an assent thereto to be submitted to the voters of such district." It further provides that if the vote of the people be favorable to such tax the board "may thereafter until such authority is revoked in like manner, levy annually for educational purposes a tax in excess of two per cent but not exceeding the per cent mentioned in said proposition, and a tax for building purposes * * * in excess of three-quarters of one per cent but not exceeding the per cent mentioned in said proposition." The section then proceeds as follows: "Provided, further, that if the directors * * * in any such district * * * has established and is maintaining * * * grades nine, ten, eleven and twelve, in addition to grades one to eight, inclusive, such directors * * * may by resolution stating the per cent so desired, but not to exceed two per cent for educational purposes and three-fourths of one per cent for building purposes * * * cause

a proposition for an assent thereto to be submitted to the voters of such district at any * * * election and if at such election a majority of the votes cast on such proposition shall be in favor thereof the directors * * * of such district * * * may thereafter until such authority is revoked in like manner levy annually for educational purposes a tax * * * not to exceed the per cent mentioned in said proposition for such purposes, and levy annually for building purposes * * * a tax * * * not to exceed the per cent mentioned in such proposition for such purposes. * * * Said tax shall be in addition to the maximum of all other taxes which the school district * * * is now or may hereafter be authorized by statute to levy."

It is argued by counsel for appellant that by section 189 it is required in those school districts which do not maintain high schools, that the proposition submitted to vote must state the maximum per cent which the board seeks authority to levy and not merely the additional per cent or rate in excess of the statutory maximum for which they seek authority; that in this regard it differs from the provisions of the statute permitting increase of taxes in school districts maintaining a high school, and that in districts maintaining high schools the statute requires that there be stated in the proposition submitted to vote, not the maximum per cent which the board will be allowed to levy if the proposition carries, but the rates which the board will be allowed to levy for educational and for building purposes, if the proposition carries, because of the maintenance of a high school by the district. It is further argued that the proposition submitted to the voters of the school district was one in proper form for such an election in a school district where no high school was maintained, but that the tax authorized to be levied for high school grades is in reality a tax separate and distinct from the ordinary school tax. We cannot assent to this view. It seems clear that the purpose of the statute was to allow a larger rate of

taxes in a district where a high school was maintained, by reason of additional expenditures, but the taxes are nevertheless taxes for educational purposes or building purposes of the school district. To follow counsel's argument to its logical conclusion would require a separate ballot for increase in a common school district and for increase in the same district for high school purposes though submitted at the same election. Such requirement would tend only to confuse the voters and would not carry out the evident purpose of the statute. Nor is it necessary to set out in the resolution, notice and ballot, as urged by appellant, that the tax for which authority is sought is of a certain specified rate which the board will be authorized to levy for educational and building purposes because of the maintenance of high school grades. The resolution in this case recites that the school district maintains a high school. This is sufficient to bring it within the statute, which authorizes more additional taxes to districts of that character when authorized by a vote of the people. The additional taxes authorized by that section are for school purposes and not alone for high school purposes. These school purposes consist of educational purposes and building purposes or the purchase of school grounds. There is nothing in the act justifying the position that an additional tax is limited, alone, to the expense of maintaining high schools, but the purpose of the act is to authorize those districts which do maintain high schools to levy by authority of the people a greater tax for educational and building purposes than is permitted by such vote in districts not maintaining a high school. The notice and ballot in this case apprised the voters of the district of the purposes for which the additional tax was to be voted.

The county court did not err in overruling the objections to the tax, and its judgment will be affirmed.

*Judgment affirmed.*