(No. 20087.

THE PEOPLE *ex rel.* Fred E. Sitton, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed April 17, 1930.*

ELIZABETH MAYO, and DAVID C. WILLIAMS, (NAT S. BROWN, and LOUIS H. STRASSER, of counsel,) for appellant.

A. W. SCHIMMEL, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Wabash Railway Company has appealed from a judgment of the county court of Pike county overruling its objections to the application of the county collector for judgment and order of sale against the right of way and real estate of the objector for delinquent taxes for 1928.

There were five objections which the appellant argues were erroneously overruled. The first was for a road and bridge tax levied by the town of Levee, which the objector states was extended to raise the amount levied for road and ditch damages purported to have been allowed, agreed upon or awarded under section 58 of the Road and Bridge law of 1913 as amended on February 17, 1928. (Laws of 1928, Sp. Sess. p. 70.) The second objection was to a similar tax extended against the interest of the objector in the Hannibal bridge in Levee township for road and bridge purposes to raise the amount for road and ditch damages purported to have been allowed, agreed upon or awarded under said sec-

tion 58 for laying out roads. The objection to each of these taxes was that no damages in favor of any property owner had been allowed, agreed upon or awarded by the town for the purposes mentioned. The other three objections were to hard road taxes extended against the property of the objector in Flint, Griggsville and Newberg townships, respectively, at the rate of twenty-five cents on each $100 valuation, for the reason that the highway commissioner in attempting to levy the tax did not make a certificate of levy for the full five-year period for which the tax was authorized to be levied but made a certificate of levy for the current year only, and for that reason it was alleged that no sufficient tax certificate had been filed and the tax was void.

The objector offered no evidence but the collector introduced seven exhibits, consisting of certificates of the commissioner of highways of each of the respective towns in regard to the levy of the taxes objected to, certain certified copies of the proceedings of the boards of town auditors consenting to the levy of an additional rate above the rate of twenty-five cents on the $100, a certificate of amounts agreed upon for laying out roads, and certificates of the county clerk in regard to the elections in the respective towns for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads for the period of five years. No evidence was introduced connecting these various certificates with the taxes to which the appellant objected. They may have been the certificates by virtue of which the taxes complained of were extended, but no witness testifies that they were. There was no evidence that they were filed in the office of the county clerk or that they were the certificates upon which the taxes were extended. If they were so filed and were insufficient to authorize the extension and collection of the tax the evidence does not show that other sufficient certificates were not filed upon which the taxes were extended. The collector's list and proof of notice of the application for judg-

ment make out a *prima facie* case. (*People* v. *Whitesell,* 262 Ill. 387; *People* v. *Jones,* 277 id. 353; *People* v. *Glick,* 282 id. 198.) It was unnecessary for the collector to introduce any other evidence. The burden of sustaining objections not appearing on the face of the delinquent list by affirmative proof is upon the objector. (*People* v. *Waller,* 278 Ill. 132; *People* v. *Givens,* 123 id. 352.) The exhibits unnecessarily given in evidence by the collector did not overcome the *prima facie* case made by his report and the proof of notice.

The judgment of the county court in overruling the objections was therefore right, and it is affirmed.

*Judgment affirmed.*