(No. 20651.—

THE PEOPLE *ex rel.* Earl Herrin, County Collector, Appellee, *vs.* THE MADISON, ILLINOIS AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

J. L. HOWELL, KRAMER, KRAMER & CAMPBELL, and ROLAND H. WIECHERT, (HENRY DRIEMEYER, and MALLORY L. BURROUGHS, of counsel,) for appellant.

ALVIN C. BOHM, State's Attorney, (T. T. HINDE, and WILLIAM M. P. SMITH, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county treasurer and *ex-officio* county collector of Madison county, at the June term, 1929, of the county court, made application for judgment and order of sale against the property of the Madison, Illinois and St. Louis Railway Company for a portion of the school tax levied in school district No. 127 in Madison county for the year 1928 which had been returned delinquent. The railway company appeared and filed objections to the tax extended against its property in excess of two per cent on each $100 assessed valuation thereof, which amounted to $5175. After a hearing thereon the objections were overruled and judgment was rendered against the company's property for the school taxes, interest, penalties and costs. From that judgment the company has prosecuted an appeal to this court.

School district No. 127 in Madison county comprises most all of the village of Madison, a part of the city of Venice and the south part of Nameoki township, exclusive of the city of Granite City. The district maintains in its educational system the common school grades one to eight and high school grades nine, ten, eleven and twelve. At an election held on February 22, 1922, the board of education of the district was authorized to levy taxes for educational purposes not to exceed a maximum of three per cent, which was one per cent over the maximum then fixed by statute, (Smith's Stat. 1921, chap. 122, sec. 189, p. 1804,) and to levy a tax not exceeding one per cent for building purposes, which was one-fourth per cent more than the amount then authorized by statute. There was no other vote or proceeding had for modifying or changing the tax rate, and taxes were extended under that authority for some time thereafter. On March 22, 1926, the board of education of the school district met in regular session for the purpose of ordering the annual school election and of considering the proposition of raising an additional tax to maintain in the schools of the district high school grades nine, ten, eleven and twelve.

The board adopted a resolution reciting that there had been established and maintained in the district school grades nine, ten, eleven and twelve in addition to grades one to eight; that the district was desirous of continuing to maintain the high school grades in its schools; that the board of education finds that to continue to maintain grades nine, ten, eleven and twelve in addition to grades one to eight it will be necessary to levy and collect annually for that purpose and under the classification "for educational purposes," an additional tax of one and one-half per cent on all the property of the school district. The resolution further recited that such additional tax be annually raised for such purposes in pursuance of section 189 of the school laws of the State as amended in 1925; that the proposition for assent thereto be submitted to the voters of the school district at the next annual election, to be held Saturday, April 10, 1926; that the secretary of the board be directed and ordered to give notice of such election; that said proposition will be voted on at such election and that such proposition be placed on the ballot to be used at the election. The resolution ordered notices of the election to be given as required by law, designated two polling places within the district and appointed the judges and clerks of election. The secretary and clerk of the board of education posted four notices of the school election to be held on April 10, 1926, and executed a certificate on March 27, 1926, stating, in substance, that he had on that day posted notices of the school election in four of the most public places within the district and naming therein the corner of the street intersection where each notice was posted. The certificate also contained a copy of the school election notice, which stated the purpose of the election to be the electing of a president of the board of education for one year and two members of the board for a term of three years and the submitting to the voters of "the proposition to levy an additional annual school tax of one and one-half per cent (1½%) for 'educational

purposes' upon all the taxable property of school district No. 127, Madison county, Illinois, to continue to maintain in its school grades nine, ten, eleven and twelve in addition to grades one to eight, inclusive, in pursuance of a resolution passed by the board of education of said school district and the School law in such case made and provided." A copy of the certificate of the secretary of the board of education was spread upon the records of such board.

The school election was held on April 10, 1926, and in accordance with the written request of four members of the board of education a meeting of the board was held on April 16, 1926, for the purpose of canvassing the election returns for the election of members of the board of education and for the adoption or rejection of the proposed increase in taxes for educational purposes. The records of the board as to this meeting show, in part, as follows: "The board then proceeded to canvass the returns of said school election of the district held pursuant to notices posted by the secretary of the board under its order and direction, a copy of which said notice, together with a certificate of the time and manner of posting same, has been made a matter of record in this proceeding, to which reference is hereby made. The board finds that said election was regularly held at the time and places specified in said notices, conducted by judges and clerks heretofore appointed by this board to hold the same, and that said judges and clerks have regularly declared and certified the result of said election, as follows: That eleven hundred and ninety-six (1196) voters of the district voted at said election, each of whom cast a ballot for one or more school officers to be elected, but of the 1196 ballots so cast 17 of the same were spoiled and defaced and could not be counted, and the remaining 1179 of such ballots cast for school officers were cast and counted for candidates for school office as indicated by and on form of ballot hereto attached and made part of this record, viz.: * * * that of the 1196 voters voting at said election only

a part of the same attempted to cast a ballot either 'for' or 'against' the proposition submitted to authorize the increase of tax rate, and of the ballots cast by such of the voters as attempted to vote 'for' or 'against' said proposition many of such ballots were spoiled and defaced and hence could not be counted; that there were cast on the proposition submitted eight hundred and seventy-six (876) ballots that should be and were counted either 'for' or 'against' the proposition, and of such ballots so cast and counted five hundred and ten (510) were 'for' and three hundred and sixty-six (366) were 'against' the proposition, as indicated and shown by and on form of ballot hereto attached and made part of this record, viz. :" etc.

The proposition appearing upon the ballot was identical in language with that used by the secretary of the board in his posted notices of election and which has been previously set forth. The minutes of the meeting of the board of education held on April 16, 1926, also recite: "The board therefore finds upon the canvass of said election returns that said election was held in pursuance of and in compliance with law, was regular in all respects; that Fred Bonville was elected president of this board to serve one year, that C. T. Gregg and Charles Lybarger were each elected a member of this board to serve for a term of three years, and that said proposition to levy an additional annual school tax of one and one-half ($1\frac{1}{2}\%$) per cent for 'educational purposes,' as submitted on and by said ballot, carried by a majority vote of the voters voting on said proposition at said election. Whereupon it was by the board ordered and directed that said election returns be filed with the treasurer of this school district in compliance with the statute in such case made and provided; and further, that the secretary of this board prepare a full and true transcript of the proceedings of this board pertaining to the submission of said proposition to vote, including a copy of the minutes of this meeting, and duly certify and file the same with the

clerk of the county court of Madison county, Illinois, as the authority of this board to levy such additional annual school tax or until such authority be revoked by a vote of the voters of this district as by law provided." The minutes of that meeting were approved by the board and signed by its secretary and president *pro tem.* Certified copies of the minutes of the board of education of school district No. 127 dated March 22, 1926, of the secretary's school election notice, and of the minutes of the meeting of the board held on April 16, 1926, were filed with the clerk of the county court of Madison county on August 3, 1926, and a certificate of levy for the year 1928 executed by the president and secretary of the school district on July 16, 1928, was filed in the Madison county clerk's office on August 6, 1928.

The election of February 22, 1922, authorized a levy within school district No. 127 of three per cent for educational purposes and one per cent for building purposes. If the election of April 10, 1926, was valid an additional levy of one and one-half per cent for educational purposes was authorized, making a total levy then authorized for all school purposes of five and one-half per cent. The legislature in 1927 in changing the assessment of property for taxation purposes also amended the revenue statutes of school districts so that the rates authorized in 1925 (Smith's Stat. 1925, chap. 122, sec. 189, p. 2340,) are reduced to one-half, and the present statute authorizing the levy of taxes of school districts is practically the same as the 1925 statute, except as to the rates now specified. (Smith's Stat. 1929, chap. 122, sec. 189, p. 2652.) School taxes were extended against the property of appellant in school district No. 127 at the rate of two and three-fourths per cent on its assessed value. Two and one-fourth per cent of this rate was for educational purposes and one-half of one per cent for building purposes. The railway company objected to the taxes extended against its property in excess of two per cent, consisting of one and one-half per cent for edu-

cational purposes and one-half of one per cent for building purposes.

The reasons assigned for the objections and as discussed in the briefs are, (1) that the county clerk had no authority to extend school taxes in school district No. 127 relying upon the result of the election of April 10, 1926, because the proposition voted upon was not definite and certain and did not inform the voters what the additional tax was for or what the total rate would be with such additional tax; (2) that the records of the board of education did not show that proper notices of the election were posted as required by law; and (3) that the record of the board does not show any action by it declaring the proposition carried.

Section 189 of the School law prior to 1925 authorized the levy of a tax annually upon all the taxable property of the district not to exceed two per cent for educational purposes and three-fourths per cent for building purposes. The board of education was authorized under this section, by proper resolution, to submit to the voters of the district the proposition of raising additional school funds by the levy of a tax not in excess of three per cent for educational purposes and one per cent for building purposes. Under this authority an election was held during February, 1922, in school district No. 127 and a levy authorized and put into effect of three per cent for educational purposes and one per cent for building purposes. In 1925 this section was amended by the addition of a further proviso which provided in substance that if the board of education in any such district has established and is maintaining grades nine, ten, eleven and twelve in addition to grades one to eight, inclusive, such board of education may by resolution stating the per cent so desired, but not to exceed two per cent for educational purposes and three-fourths of one per cent for building purposes, cause a proposition for an assent thereto to be submitted to the voters of such district at any election, and if at such election a majority of the votes cast

on such proposition shall be in favor thereof, the board of education of such district may thereafter, until such authority is revoked, in like manner levy annually for educational purposes a tax not to exceed the per cent mentioned in the proposition for such purposes and levy annually for building purposes a tax not to exceed the per cent mentioned in the proposition for such purposes. The section also provided that said tax shall be in addition to the maximum of all other taxes which the school district is now or may hereafter be authorized by statute to levy. The election of April 10, 1926, voting an additional tax of one and one-half per cent for educational purposes and the resolution of the board of education pertaining thereto and previously adopted in March, 1926, were authorized under the amendment of 1925.

This court had under consideration this same section of the School law in *People* v. *New York, Chicago and St. Louis Railroad Co.* 334 Ill. 438, where the validity of an additional school tax authorized at a special election was involved. It was there said that the purpose of the section was to authorize those districts which do maintain high schools to levy by authority of the people a greater tax for educational and building purposes than is permitted by such vote in districts not maintaining a high school. In the instant case the resolution of the board of education adopted in March, 1926, particularly set forth the reason for the additional levy of taxes was to continue to maintain grades nine, ten, eleven and twelve in addition to the common school grades. The purpose was also stated in the election notices posted by the clerk and was set forth on the ballot. Manifestly, under the law no election was necessary to obtain authority to levy an additional tax unless the four per cent tax previously authorized in the district for school purposes was insufficient. The election of April 10, 1926, was the only election ever held in school district No. 127 to authorize a levy for taxes to maintain high school grades nine,

ten, eleven and twelve in the schools of the district, and we think there can be no question but that the proposition of voting the additional tax as submitted to the voters of the district was sufficiently definite and certain and that they were aware of the meaning of the notices and ballot and understood the purpose of the election.

The notices of election were posted by the secretary and clerk of the board of education. He filed a certificate thereof and spread such certificate, which contained a copy of the notice of election, upon the minutes or record of the board. The certificate and record recited where within said school district the notices were posted. A record was made in this instance, and such record, when approved by the board, imports verity. The burden of sustaining objections by affirmative proof is upon the objector. *People* v. *Wabash Railway Co.* 339 Ill. 130.

The minutes of the board of education of April 16, 1926, show that a canvass of the votes on the proposition of levying an additional tax for educational purposes was made and that the board declared the proposition was carried, and its secretary was ordered to file a full transcript of the board's proceedings with the county clerk as the board's authority to levy such additional annual school tax. The transcript was filed in the county clerk's office, and a certificate of levy for 1928, signed by the president and secretary of the school district, was filed in the same office a few days later, whereby the county clerk was authorized to extend the tax. As we view this case the proceedings of the board of education present a rather complete, if not unusual, record, showing its good faith in submitting to the voters of the district the proposition for authority to levy an additional tax to maintain its high school grades in addition to its common school grades.

In our opinion the county court did not err in overruling the railway company's objections to the tax, and the judgment will therefore be affirmed. *Judgment affirmed.*